**NOT FOR PUBLICATION**

<pre>
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
                                       :
JERALD ALBRECHT,                       :
                                       :   Civil Action No. 06-66 (MLC)
              Plaintiff,               :
                                       :
       v.                              :       O P I N I O N
                                       :
DAVID HAMILTON and VERNON CLASH,       :
                                       :
              Defendants.              :
                                       :
</pre>

**APPEARANCES:**

Jerald Albrecht, <u>Pro Se</u>
#87438/588528A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

**COOPER, District Judge**

Plaintiff, Jerald Albrecht, currently incarcerated at the New Jersey State Prison, Trenton, New Jersey, seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the

following reasons, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

The following facts are taken from the complaint and are presumed true for purposes of this review.

Plaintiff seeks to sue two public defenders.  He states that defendant Vernon Clash assigned defendant David Hamilton to represent him on a motion for post-conviction relief.  He states that defendant Hamilton refused to file a brief on his behalf.  He also refused to accept Plaintiff's calls and refused to investigate or interview witnesses for Plaintiff's evidentiary hearing on the petition.

On March 18, 2004, Plaintiff was informed that his petition for post-conviction relief had been dismissed on May 7, 2002.  According to the dismissal order, the petition was dismissed at the request of defendant Clash.  Plaintiff was not provided notice of the dismissal.

On December 3, 2004, the Superior Court of New Jersey, Appellate Division remanded Plaintiff's case after concluding that Plaintiff was entitled to have his post-conviction relief petition diligently pursued.  According to Plaintiff, the Appellate Division found that defendant Hamilton had rendered ineffective assistance of counsel.

Plaintiff states that the defendants have maliciously and vindictively orchestrated the withdrawal of his post-conviction relief petition in retaliation for plaintiff's having previously filed a lawsuit against members of the public defender's office, and a grievance against defendant Hamilton.

Plaintiff asks for injunctive relief and damages.

## DISCUSSION

**A.   Section 1915 Review**

Congress's purpose in enacting the Prison Litigation Reform Act ("PLRA") was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

In determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

**B.   42 U.S.C. § 1983**

A plaintiff, to establish a violation of 42 U.S.C. § 1983, must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff argues that defendants are state actors "by virtue of a conspiracy with other state actors to deprive plaintiff of rights secured by the laws and constitution of the United States."  Plaintiff further argues that defendant Clash is a

state actor "by virtue of the administrative functions delegated to him under the Public Defenders Act."  However, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  Polk County v. Dodson, 454 U.S. 312, 318 (1981).  Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Co. v. Dodson, 454 U.S. at 325; see also Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).  Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim.

The complaint may allege facts indicating a state law legal malpractice claim.  However, any potential state law claims as to these defendants will be dismissed by this Court pursuant to 28 U.S.C. § 1367(c)(3), which states that where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  Where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative

justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear here, and because the Court is dismissing Plaintiff's claims under § 1983, this Court will also dismiss Plaintiff's state law claims without prejudice to Plaintiff bringing the claims in state court.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order will be issued.

                                             /s Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge